UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


CRAIG BEENE                    ]
     Plaintiff,                ]
                               ]
v.                             ]     No. 3:14-2386
                               ]     Judge Trauger
FRANCES BEENE/PRIMM, et al.    ]
     Defendants.               ]


**M E M O R A N D U M**

The plaintiff, proceeding *pro se*, is an inmate at the Northeast Correctional Complex in Mountain City, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against Frances Primm, his former wife; and Cedric Cusik, a member of the Dickson, Tennessee Police Department; seeking declaratory, injunctive and monetary relief.

In September, 2004, the plaintiff pled guilty to attempted first degree murder, especially aggravated kidnapping and aggravated assault. Pursuant to a plea agreement, he received a sentence of seventeen (17) years in prison. Beene v. State, 2014 WL 3439508 (Tenn. Crim. App.).

The plaintiff alleges that the defendants acted to have him "illegally convicted". Docket Entry No.1-1 at pg.2. More specifically, the plaintiff claims that his former wife deleted

1

evidence (photographs) from her facebook account and that Officer Cusik encouraged "persons not to testify truthfully for the plaintiff".

A prisoner does not state a cognizable claim under 42 U.S.C. § 1983 if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994). Nowhere in the complaint does it suggest that the plaintiff has already successfully tested the validity of his confinement in either a state or federal court. Therefore, the plaintiff's claims are not yet cognizable in a § 1983 action.

In the absence of a cognizable claim, the Court is obliged to dismiss the instant action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge